MORGAN, Respondent, vs. BUDLONG and another, Appellants.

*February 23—March 14, 1916.*

*Negligence: Defective walk on land adjacent to highway: Use by public with consent of owners: Injury: Liability: Dedication: Pleading.*

1. A complaint showing that plaintiff was injured by reason of a defect in a dilapidated and dangerous sidewalk maintained by defendants upon their own land adjacent to a highway, over which the public, including plaintiff, traveled with the consent if not by invitation of the defendants, is *held*, on demurrer, to state a cause of action against the defendants.

2. Allegations in such complaint that defendants built the sidewalk on their own land for the benefit of the public and that the public generally used such walk do not show a dedication of a public way over the land and acceptance of such dedication by the public.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

The action is for damages for personal injuries received by plaintiff.

The allegations of the amended complaint, so far as material, show that the defendants are owners of property in the town of Wauwatosa abutting on Grand avenue, a public highway; that prior to November 29, 1913, the defendants built a sidewalk upon their property "to be used by persons passing in and along from said Grand avenue over and upon the property of said defendants;" that the sidewalk was used extensively by the public with the consent of the defendants; that on November 29, 1913, and prior thereto said sidewalk was out of repair; that it contained, among other things, holes and loose boards and was unsuitable and unsafe for public travel or use; that on November 29, 1913, plaintiff while passing over said sidewalk stepped into a hole in said sidewalk and was injured; that said defect had existed for a long time prior to said date to defendants' knowledge.

There is no allegation in the complaint that the sidewalk was insufficient or defective when originally built. The contention is it became decayed and dilapidated by wear and use. It was admitted on the argument here that the sidewalk was not in the public highway, but along the land of the defendants adjacent to said highway.

The complaint was demurred to for want of facts sufficient to constitute a cause of action. The demurrer was overruled with leave to answer. This appeal is from the order overruling the demurrer.

For the appellants there was a brief by *Lines, Spooner, Ellis & Quarles,* and a supplemental brief by *Lines, Spooner, Ellis & Quarles,* attorneys, and *Willet M. Spooner,* of counsel; and the cause was argued orally by *Leo Mann.*

For the respondent there was a brief by *Lehr & Kiefer,* attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *J. Elmer Lehr.*

KERWIN, J. An examination of the amended complaint demurred to shows that the walk was built on the land of defendants and not in the public highway. And while it is alleged that the walk was much used by the public, there is no allegation of acceptance of any dedication to the public, nor are any facts pleaded which show that the town became chargeable with the duty of keeping the sidewalk in question in repair or accepting it as a public walk. If it were alleged that the sidewalk in question was constructed within the limits of a public highway and accepted by the public as a part of such highway, a different question would be presented. Giving the allegations of the complaint the most favorable construction they will bear in support of the claim of appellants they merely show that the defendants built the sidewalk on their own land for the benefit of the public, and that the public generally used such walk in traveling over it. These allegations fall far short of showing dedication of a public

way by a landowner over his land and acceptance of such dedication by the public.

The allegations of the complaint show quite clearly that the defendants maintained an unsafe and dangerous walk upon their premises over which the public, including the plaintiff, were permitted to travel with the consent if not by invitation of the defendants. The instant case is controlled by *Brinilson v. C. & N. W. R. Co.* 144 Wis. 614, 129 N. W. 664, and other cases similar in principle to the *Brinilson Case.*

By the Court.—The order is affirmed.